LIFE ESTATES (§ 20*)—RIGHTS OF LIFE TENANT—INCOME—EXPENSES.

> Where trustees have withheld from the market for the benefit of the remainderman unimproved and unproductive property in the exercise of a sound discretion, and the appreciation in value of the property has justified their management, the expenses should be charged on the fund, and not on the income of the life tenant.

> [Ed. Note.—For other cases, see Life Estates, Cent. Dig. § 41; Dec. Dig. § 20.*]

In the matter of the judicial settlement of Samuel H. Coombs and others, executors of Robert W. Gleason. Decree rendered.

Robert H. Wilson, for executors.

Eugene L. Richards, special guardian.

KETCHAM, S. The trustees are right in imposing upon the fund, and not the income, the carrying charges of the unimproved and unproductive property, which they have withheld from market for the eventual benefit of the remainder. Matter of Martens, 16 Misc. Rep. 245, 39 N. Y. Supp. 189. See, also, opinion of Mr. Surrogate Belford in Matter of Knapp (filed April 13, 1908) 117 N. Y. Supp. ——. These trustees have acted in the exercise of a sound discretion, and the lands above mentioned have all appreciated in value sufficiently to justify their management.

As to the Atlantic avenue lots, there is no evidence as to their improvement in value, and, while in five years the disbursements have been $210.11, the rent for the last year has been $50. Upon the evidence, no reason is perceived for laying the burdens of any part of these outlays upon the life tenant.

With the exception last noted, the objections are overruled.

Decreed accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes